IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES EDWARD SMITH                                                                   PETITIONER

VS.                              CASE NO. 5:15CV00012 BRW/HDY

WENDY KELLY, Director of the
Arkansas Department of Correction                                                    RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of James Edward Smith, who is currently in the custody of the Arkansas Department of Correction (ADC). In 1994, Mr. Smith was convicted of rape, kidnapping, and breaking and entering, and sentenced to 40 years' imprisonment. He unsuccessfully appealed his convictions, contending there was insufficient evidence to support his conviction for kidnapping, and that his sentence violated the constitutional provisions against *ex post facto* laws. *Smith v. State*, 318 Ark. 142 (1994). About four years later, Mr. Smith sought postconviction relief, filing a petition to correct an illegal sentence. The trial court denied relief, and Mr. Smith appealed. The Supreme Court of Arkansas denied relief, noting that Mr. Smith's claim, a allegation of a violation of the prohibition against the application of *ex post facto* laws, should have been brought pursuant to a Rule 37 petition. Since a Rule 37 petition should have been filed within sixty days after the mandate on direct appeal, the Supreme Court of Arkansas found "a circuit court cannot grant relief on an untimely petition" and denied the appeal. Docket entry no. 10-4, *Smith v. State*, 2002 WL 160303 (Jan. 31, 2002). In 2012, Mr. Smith filed another petition to correct an illegal sentence, alleging the sentence was defective because he was charged by information rather than by grand jury indictment. The trial court denied relief and the Arkansas Supreme Court dismissed the appeal, finding that "the allegation that the charging instrument was invalid in appellant's case was without merit, and he was

entitled to no relief under" Arkansas law. Docket entry no. 10-5, *Smith v. State*, 2012 Ark. 311. In October of 2012 Mr. Smith sought state court habeas corpus relief in the Circuit Court of Jefferson County alleging, among other things, that it was error to allow the prosecuting attorney to charge him rather than being charged by a grand jury. The Jefferson County Circuit Court dismissed the petition, and the Arkansas Supreme Court affirmed the trial court, stating "[b]ecause the claims advanced by appellant in the petition for writ of habeas corpus did not call into question the jurisdiction of the trial court or demonstrate the facial invalidity of the judgment, they were not cognizable in a habeas-corpus petition and could not have supported issuance of the writ. Docket entry no. 10-7, page 3, *Smith v. Hobbs*, 2014 Ark. 314. Mr. Smith sought a writ of certiorari in the United States Supreme Court, without success. *Smith v. Hobbs*, 135 S.Ct. 721 (Dec. 1, 2014).

On January 13, 2015, Mr. Smith filed his petition for federal habeas corpus relief, alleging: (1) he was charged by felony information and not by grand jury indictment, and (2) Amendment 21, § 1 to the Arkansas Constitution is void to the extent that it conflicts with Article II, § 8 of the Arkansas Constitution. Respondent urges the petition must be dismissed as untimely.

The respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on April 24, 1996, with the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA). Thus, respondent asserts that Mr. Smith should have filed for habeas corpus relief on or before April 24, 1997. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition. By Order of the Court dated February 25, 2015, Mr. Smith was notified of his opportunity to explain why his petition should not fall victim to the limitations period. He has submitted a responsive pleading. Docket entry no. 12.

In considering the limitations issue, it is undisputed that the federal habeas corpus petition was filed in January of 2015, more than seventeen years tardy unless there is a calculation error or unless the limitations period was tolled and did not run during from 1997 forward.

Mr. Smith appears to argue that his state court judgment was not "final" within the meaning of 28 U.S.C. §2244(b)(1)(A) until June 26, 2014, when the Arkansas Supreme Court denied his appeal in the state habeas corpus proceeding. Thus, according to Smith, the January 2015 federal petition was timely. Docket entry no. 12, pages 2-3. This argument is without merit. The pertinent statutory provision deems the petitioner's conviction to be "final" on "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." (Emphasis added) 28 U.S.C. §2244(b)(1)(A). Mr. Smith's *direct review* concluded in 1994 with the Arkansas appellate court's decision and mandate. The intermittent petitions filed by Smith in 1998 (petition to correct illegal sentence), in 2012 (second petition to correct illegal sentence), and again in 2012 (state court petition for writ of habeas corpus) were not part of the direct review process. These petitions were collateral[1] attacks on the conviction. As a result, Mr.

---

[1]The statute provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(b)(2). Even if we assume all of Mr. Smith's state court petitions were "properly filed" the

Smith's claim that the direct review process was continuous until June of 2014 is without merit.

While Mr. Smith does not argue equitable tolling, we note that the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). The record before the Court shows no "extraordinary circumstances" impeded Mr. Smith from filing a timely federal habeas corpus petition. We find no equitable reason for the tolling of the limitation period.

In summary, the petition for writ of habeas corpus was filed with this Court more than seventeen years after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. His claim that his direct review continued until 2014 is without merit. As a result, we recommend the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __23__ day of March, 2015.



---

one year limitation period nonetheless expired. The limitation period ran prior to the first state court collateral petition in 1998, and ran once again in the long period from 2002 (when the first collateral petition was final) until 2012, when Smith filed his second and third state collateral petitions.

UNITED STATES MAGISTRATE JUDGE